# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCO ANTONIO SERRANO,** | : |
| Petitioner | : CIVIL ACTION NO. 3:23-0163 |
| v | : (JUDGE MANNION) |
| **WARDEN BARRAZA,** | : |
| Respondent | : |

## MEMORANDUM

### I. Background

On January 30, 2023, Petitioner, Marco Antonio Serrano, an inmate confined in the Allenwood Medium Security Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Serrano requests the Court order the Bureau of Prisons (BOP) to apply his Earned Time Credits (ETCs) under the First Step Act (FSA). Id. On March 14, 2023, a response was filed indicating that on February 11, 2023, the BOP conducted an FSA assessment and credited Serrano with 360 days toward early release. (Doc. 6). No traverse has been filed.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II.  Discussion

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)).

In the present case, Serrano seeks the award of earned time credits under the First Step Act. Pursuant to the First Step Act, earned time credits

can be applied toward earlier placement in pre-release custody or toward a term of supervised release. 18 U.S.C. §3632(d)(4)(C). On February 11, 2023, the BOP conducted an FSA Time Credit Assessment and calculated that Serrano had 360 days of credits that have been applied towards his early release. (Doc. 6-2). As Serrano has received 360 days of credits, he no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide Serrano with any meaningful relief in this habeas matter, and his challenge is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

### III.  Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

MALACHY E. MANNION
United States District Judge

Date: April /, 2023
23-0163-01

3